# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 6609 | **DATE** | September 17, 2012 |
| **CASE TITLE** | Ronald Robinson (#2011-0418159) vs. Sheriff Sweeny, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to proceed *in forma pauperis* [#3] is granted. The trust fund officer at Plaintiff's place of confinement is authorized to make deductions from his account in accordance with this order. The Clerk shall issues summonses for service of the complaint on Cook County Deputy Sheriffs Essex and Sweeny, Superintendents Moreci and Thomas, and Tom Dart. The Clerk shall send Plaintiff Instructions for Submitting Documents, along with a copy of this order. Plaintiff's motion for appointment of counsel [#4] is denied.

■[ For further details see text below.]                                                                          Docketing to mail notices.

## STATEMENT

     Plaintiff, Ronald Robinson, a pre-trial detainee at the Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that although he is in protective custody, on August 25, 2011, while being transferred to the Markham Courthouse for a hearing in his underlying criminal case, he was forced by Deputy Sheriff Sweeny, to ride an elevator down to lock-up with general population inmates. He was subsequently attacked and injured by a detainee by the name of Antonio Burnes and had to be treated at the hospital for the injuries he received. Sheriff's deputy Essex knew Plaintiff was not supposed to be transported in proximity to general population detainees, but did nothing to prevent it. He further alleges that he is deliberately placed in danger every time he is transferred to court because Superintendents Moreci and Thomas continue to place him in proximity to general population detainees during transfer. As to Defendants Dart and the Executive Director of the Cook County Jail, Plaintiff alleges that the deliberate indifference to his safety is part of a custom and policy of placing protective custody detainees in proximity with general population detainees.

     Plaintiff's *in forma pauperis* application indicates that he cannot prepay the $350 filing fee. The court thus grants his IFP motion and assesses an initial partial filing fee of $7.67. The trust fund account officer at plaintiff's place of confinement is authorized to collect, when funds exist, the partial filing fee from plaintiff's account and pay it to the clerk of court. After payment of the initial partial filing fee, the trust fund officer is directed to collect monthly payments from plaintiff's account in an amount equal to 20% of the preceding month's income credited to the account. Monthly collected payments shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for this filing fee, and Cook County Jail officers shall notify transferee authorities of any outstanding balance if he is transferred.

     Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees. Here, accepting Plaintiff's factual allegations as true, the Court finds

| **STATEMENT** |
|---|

that the complaint states a colorable cause of action under the Civil Rights Act against Defendant Spears for deliberate indifference to a substantial risk of serious harm. *See, e.g., Rapier v. Harris*, 172 F.3d 999, 1002 (7th Cir. 1999), *relying on Bell v. Wolfish*, 441 U.S. 520, 535 (1979).

With respect to Plaintiff's claim that he suffered a retaliatory transfer to the Marion County Jail, Illinois statutes specifically provide that pretrial detainees may be transferred to any facility "whenever [the county department of corrections] determines that such transfer or recommitment would promote the welfare or rehabilitation of the prisoner, or that such transfer or recommitment is necessary to relieve overcrowding." 55 ILCS § 5/3-15003(b). Plaintiff has no liberty interest in remaining in a particular correctional facility. *Nash v. Litscher*, 50 Fed Appx. 317 (7th Cir. 2002). Consequently, Plaintiff has failed to state a claim relating to the transfer.

The Clerk shall issue summonses for service of the complaint on Defendants Sweeny, Essex, Moreci, Thomas, and Dart (hereinafter, "Defendants"). While plaintiff names the Director of the Cook County Jail, he does so by title and not by name. In order to avoid problems with service, the Court will not issue summons to the Director of the Cook County Jail. Rather, once Plaintiff has obtained service on Defendants, and an attorney has entered an appearance on their behalf, Plaintiff may send defense counsel interrogatories (that is, a list of questions) eliciting information regarding the identity of the Director of the Cook County Jail. *See* Fed. R. Civ. P. 33. After Plaintiff learns the Defendant's identity, he may again ask leave to amend the complaint to substitute their names for those of the John Does. Summons will then issue for service on the Defendant in interest. Plaintiff is advised that there is a two-year statute of limitations for civil rights actions; he should therefore attempt to identify the Director of the Cook County Jail as soon as possible. *See Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); *see also Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cr. 1980). The Clerk shall also send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

The United States Marshals Service is appointed to serve Defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. With respect to any former jail employee who can no longer be found at the work address provided by Plaintiff, the Illinois Department of Corrections shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any Court filing to Defendants [or to defense counsel, once an attorney has entered an appearance on behalf of Defendants]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

Finally, Plaintiff has filed a motion for appointment of counsel. The motion is denied. Plaintiff has no right to counsel in a civil case. *See Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). The case at the present time does not involve complex discovery or an evidentiary hearing, and Plaintiff's current pleadings indicate that he has the presence of mind and intellectual

| STATEMENT |
|---|
| capability to continue representing himself at this stage of the proceedings. Accordingly, his motion for the appointment of counsel is denied without prejudice. *See Pruitt v. Mote,* 503 F.3d 647, 656-59. (7th Cir. 2007). Consequently, the Court denies his motion without prejudice to renewal should the case proceed to a point that assistance of counsel is appropriate. |